## CALVIN M. JOHNSON, Respondent, v. MARION SPIRES, Appellant.

### St. Louis Court of Appeals, March 3, 1914.

1. **APPELLATE PRACTICE: Scope of Review: No Bill of Exceptions Filed.**   Matters of exception are not reviewable on appeal, where the abstract of the record proper fails to show that a bill of exceptions was filed.

2. **————: ————: Defective Abstract.**   Although the abstract of the record sets out nothing but the petition,. answer and reply, a motion to dismiss the appeal because of alleged insufficiency of the abstract will be overruled, where a certified copy of the judgment and order granting the appeal have been duly filed in the office of the clerk of the appellate court; and the record thus before the court will be reviewed for the purpose of determining whether it will sustain the judgment rendered.

3. **COSTS: Taxation: Compromise.**   In an action for the breach of a covenant of warranty, where defendant in his answer tendered to plaintiff the purchase price paid, with interest, in consideration that plaintiff would reconvey the land to him,. and the latter, in his reply, accepted the tender and offer thus

made, a judgment. entered, pursuant to such offer and accept-
ance, was not a judgment for plaintiff, rendering him the
"prevailing party," within Section 2263, R. S. 1909, and thus
entitling him to a judgment for the costs, but in view of the
fact that the pleadings contained no provision respecting the
payment of costs, the court should have dismissed the case
and rendered judgment against plaintiff for the costs.

4. **APPELLATE PRACTICE: Scope of Review: Record Proper.**
On appeal from a judgment for costs predicated on a compro-
mise agreement contained in the pleadings, which was complete
in itself, it will not be presumed, in support of the judgment,
that, had a bill of exceptions been filed, it might have con-
tained stipulations or other matters that would have warranted
the rendition of the judgment, but, on the contrary, the cor-
rectness of the judgment will be determined from a considera-
tion of the record proper alone.

Appeal from Montgomery Circuit Court.—*Hon. James
D. Barnett,* Judge.

REVERSED AND REMANDED (*with directions*).

*Ball & Ball* for appellant.

(1) The case having been settled by the pleadings
and no stipulation to dismiss case at cost of defendant,
the only authority the circuit court had, was to dismiss
the case, and had no right under the pleadings to arbi-
trarily dismiss case at defendant's costs and direct a
judgment to be entered against him. Murphy v. Smith,
86 Mo. 333.

*E. Rosenberger & Son* for respondent.

(1) This appeal presents nothing for review by
this court for the following reasons: (a) Because
appellant's alleged abstract of the record filed herein
is insufficient and does not comply with the rules of
this court; (b) Appellant's abstract of the record fails
to show that a bill of exceptions was ever filed; (c)
Defendant, appellant, having failed to file a term bill
of exceptions to the action of the court as to what

occurred on December 2 and 3, 1910, and during the November adjourned term, 1910, the action of the circuit court at the November adjourned term, 1910, can not be reviewed on this appeal, and there is nothing for the court to review. (d) The motion filed by defendant December 3, 1910, and overruled by the court at the October term, 1911, on Monday, November 6, 1911, asking the court to set aside the judgment rendered against him for the costs of December 3, 1910, was not a mere adjunct to the original case, but was an independent proceeding, and defendant having failed to file his motions for a new trial and in arrest of judgment, and saving exceptions to the overruling of the same, brings up nothing for review. (2) The costs were rightfully taxed by the court against the defendant. See Secs. 2263, 2265 and 1965, R. S. 1909.

ALLEN, J.—Plaintiff, in his petition herein, averred that he purchased from defendant a certain tract of land, at the price of $45 per acre, not knowing the actual number of acres in the tract, and relying upon statements of the defendant with respect thereto; that defendant falsely represented to plaintiff that the tract contained ninety-seven acres, and that defendant's deed purported to convey said quantity of land; whereas in fact it contained but seventy and forty-three hundredths acres—an alleged shortage of twenty-six and fifty-seven hundredths acres; that plaintiff paid defendant therefor the total sum of $4365. And plaintiff prayed judgment in the sum of $1195.65, the amount which he claimed to have overpaid defendant in the transaction.

The amended answer, filed December 2, 1910, after denying generally the allegations of the petition, and denying that defendant made any false representations to plaintiff in the premises, tendered to plaintiff the said sum of $4365, the total purchase price aforesaid of the land, together with six per cent interest thereon

from and after the date of the conveyance of the land
to plaintiff, in consideration that plaintiff and his wife
would execute to the defendant a good and sufficient
deed to the land in question.

. The reply, filed on the same day as the amended
answer, "unconditionally" accepted the tender and
offer of defendant, setting up that the said total pur-
chase price with interest at six per cent to the date
of the filing of the reply amounted to $4564.33.

It appears that pursuant to the offer and accept-
ance contained in the amended answer and the reply,
defendant duly deposited the said sum of $4564.33 with
the clerk of the circuit court, and that plaintiff like-
wise so deposited a deed to the land executed by him-
self and wife. And on December 3, 1910, the day
following the filing of the amended answer and reply,
the court entered judgment, ordering the clerk to de-
liver the said deed to the defendant, and to pay over
to plaintiff the said sum of money which had thereto-
fore been deposited with him. The judgment further
recited as follows: "And these orders being complied
with, the court doth order this cause dismissed and
dropped from the docket, and the costs in this pro-
ceeding are ordered taxed against the defendant, and
judgment is now entered for the costs of this suit in
favor of plaintiff and against the defendant, and it
is ordered and adjudged that Calvin M. Johnson, the
plaintiff, have and recover from the defendant, Marion
Spires, his costs in the cause and that he have execu-
tion therefor."

The only question involved pertains to the action
of the court in rendering judgment in favor of plaintiff
and against the defendant for the costs.

Respondent has filed a motion to dismiss the appeal
because of the alleged insufficiency of appellant's ab-
stract. The latter is in fact lacking in many particu-
lars. Among other things, which need not be here
mentioned, the abstract of the record proper fails to

show that any bill of exceptions was ever filed in the cause, or that any motion for a new trial, or its equivalent, was ever filed or acted upon. This being true, there are no matters of exception before us.

In point of fact the abstract of the record proper shows nothing but the petition, the amended answer and the reply. It is silent as to everything else, even respecting the judgment itself. The latter, however, and the order granting the appeal, are in the transcript filed in the clerk's office.

In Coleman v. Roberts, 214 Mo. 634, 114 S. W. 39, it is said, in substance, that however insufficient the abstract may be in other respects, if the petition, answer and reply are properly abstracted, and the certified copy of the judgment and order granting the appeal are in the office of the clerk of the appellate court, which is before the court and accessible, that much of the record proper is reviewable on appeal, and that the appellant is entitled to have the appellate court determine whether or not the judgment is one that can be permitted to stand on the face of the pleadings, and that the appeal will not be dismissed. We have thus before us the petition, amended answer, reply, and the judgment; and we shall proceed to consider so much of the record, in spite of the insufficiencies of the abstract. And respondent's motion to dismiss will therefore be overruled.

From the record proper, or so much thereof as is thus before us, it appears that the merits of the controversy were never passed upon. The defendant in his answer made a certain proposition to plaintiff, which proposition plaintiff by his reply unconditionally accepted. Pursuant to the agreement of compromise, or settlement, thus entered into by the parties, by and through the pleadings themselves, the sum of money tendered by defendant, to-wit, the purchase price of the land with six per cent interest thereon, was paid into the hands of the clerk, and with the latter was also

Johnson v. Spires.

deposited by plaintiff a deed executed by him and his wife reconveying the land to the defendant. The judgment, predicated upon this agreement of the parties, ordered the clerk to deliver the deed to the defendant, and to pay over to the plaintiff the said money deposited with him as mentioned above. Then followed that portion of the judgment adjudicating the costs in favor of plaintiff and against the defendant.

From this it appears that the judgment is based upon this agreement which the parties entered into by and through the pleadings. It is not a judgment in plaintiff's favor, upon the cause of action set out in his petition; it simply seeks to effectuate the settlement of the controversy, pursuant to the agreement made by the parties in the premises. And the only question involved is whether the court, in the state of the record here shown, had any lawful right or authority to enter a judgment against the defendant for the costs.

Respecting this question we may say that it appears upon the face of that portion of the record which we have before us that prior to the entry of the judgment the plaintiff had unconditionally accepted a certain offer of the defendant in full satisfaction and discharge of plaintiff's claim, without making any provision respecting the costs. Proof of the complete satisfaction and discharge of plaintiff's claim, after suit, would necessarily have caused his action to abate. He could not have proceeded therewith and obtained a judgment against the defendant upon the cause of action pleaded. Plaintiff therefore could not have recovered costs as incident to a judgment in his favor, for the court could not have rendered such a judgment. Neither was plaintiff entitled to a judgment for costs, for the reason that the agreement for settlement contained no such stipulation, but on the contrary

plaintiff, without more, unconditionally accepted defendant's offer in complete satisfaction of his claim.

In Murphy v. Smith, 86 Mo. l. c. 338, in considering a judgment entered by default upon a note which had been paid subsequent to the institution of the suit, the court said: "It is urged by the learned counsel for plaintiff that although Hutchison had no right to a judgment on the note, he was entitled to a judgment for costs. . . . It is true that Ammerman agreed orally to pay the costs, but he made no agreement or stipulation authorizing a judgment for costs. If the plaintiff had gone on with his suit he could not, upon the true state of facts, have obtained a judgment for the debt. On proof that the debt had been paid since suit, the judgment would have been for defendant and that would have carried costs against the plaintiff as incident to it. Our statute provides that 'in all civil actions or proceedings of any kind, the party prevailing shall recover his costs against the other party, except in those cases in which a different provision is made by law.' Revised Statutes 1879, Sec. 990 [now sec. 2263, Rev. Stat. 1909]. No other provision by law is applicable to the case at bar. If a party in his compromise agreement stipulates for an adjudication of costs in such a manner that a court would feel justified in enforcing it, irrespective of any judgment on the cause of action, such stipulation might afford special authority to the court to render judgment in accordance with its requirements. [*Thompson v. Union Elevator Company,* 77 Mo. 520.] But there was no stipulation in this case authorizing the court to enter judgment for costs except as incident to a judgment on the merits. When a court assumes to carry out a compromise requiring a special judgment for costs, it should be in pursuance of a stipulation to that effect filed of record, or should be with the consent of the parties in open court. I do not think the court could have rendered the judgment for costs contended for, under the

circumstances of this case, without the written or oral consent of the defendants."

And in Thompson v. Union Elevator Co., 77 Mo. 520, where the plaintiff, after suit, executed a release to the defendant of all claims for damages for the injury for which the suit was brought, the court said: "The plaintiff executed a release after the suit was instituted, and instead of dismissing it, persisted in prosecuting it. If he had voluntarily dismissed his suit, as he should have done, the court could not have adjudged the costs against the defendant, and does it make a difference in plaintiff's favor, that, of his own wrong, he persisted in prosecuting a suit which he should have dismissed? If a party would have the costs adjudged against his adversary, who prevails in the suit by reason of a compromise, under which the suit can not be further prosecuted, he should so stipulate in his compromise agreement."

In this connection see, also, Schafer v. Roberts, 166 Mo. App. 68, 148 S. W. 393.

It cannot be doubted, we think, that when the plaintiff, without condition or qualification, accepted defendant's offer, in full and complete discharge of plaintiff's claim, the latter was then powerless to further prosecute his action and could not prevail therein; that it was his duty to dismiss it; and that if he did not do so the court, in dismissing it, was without power to enter a judgment against defendant for the costs under the compromise agreement which was then before the court in the pleadings. That agreement contained no provision whatsoever respecting costs; and the judgment, upon its face, shows that it is predicated entirely upon such agreement.

Learned counsel for respondent urges that plaintiff in fact should here be regarded as the "prevailing party," within the meaning of section 2263, Revised Statutes 1909, for the reason that defendant, after suit was brought against him, tendered back the entire pur-

chase price of the land; that plaintiff prevailed, "because he got back the money he was suing for, and a larger sum in addition thereto." But from what we have said above, we think it is made clear that plaintiff did not prevail in the action, and that he could not have prevailed therein, after accepting defendant's offer; for he was then precluded from further prosecuting the same. That plaintiff secured a settlement satisfactory to him, without a trial, does not mean that he prevailed in the action which was in fact never tried. Plaintiff is primarily liable for the costs of the action which he instituted, and since he was not the prevailing party in the action, and did not require defendant to stipulate in the compromise agreement that the latter should pay the costs, he has necessarily left himself liable therefor, and precluded the entry of a judgment against defendant for the same.

In disposing of the question before us, as one arising upon the record proper, it has occurred to us that it might perhaps be said that the lower court should not be convicted of error in entering this judgment, for the reason that the propriety of so doing might perchance appear by something *dehors* the record proper, and which would be shown by the bill of exceptions were the latter before us. In other words it might be argued that a presumption will obtain in favor of the regularity of the judgment entered, and the authority of the court to enter the same, which would not be completely overthrown by the recitals of the record proper; that for aught that appears in the latter, the court may have had something before it, in the way of a separate stipulation of the parties authorizing the rendition of such a judgment, or that the latter may have been entered by consent of the parties in open court. Upon the record before us, however, we think that such argument would not be sound. This for the reason that the judgment upon its face shows that it is predicated solely upon a compromise agreement, or agreement of

settlement, solemnly entered into by the parties in court, by and through the pleadings themselves. In furtherance of this very agreement the judgment ordered the deed delivered to defendant and the money paid to the plaintiff. And when the judgment is in fact predicated upon such solemn agreement of the parties, we think that it carries upon its face the presumption that the agreement upon which it was based constituted the entire compromise agreement between the parties. This agreement was complete in itself. It consisted of an offer made by defendant in his answer and which was "unconditionally" accepted by plaintiff in his reply. It was this that constituted the basis of the court's action in the premises. And the judgment which was in fact entered shows beyond doubt that the court's authority to enter it was derived, if at all, solely from this agreement of the parties. This being true, we think that so much of the record proper as we have before us is sufficient for a determination of the question involved, viz., whether the court was possessed of authority to enter a judgment against defendant for the costs.

And in addition we may further say that as the case has been briefed and argued here by counsel on both sides there is no intimation or suggestion of anything else in the case by which the court could justify its action in rendering judgment against defendant for the costs. The only question here briefed and argued, upon the merits of the case, is whether, under the compromise agreement, the court had authority to enter such a judgment. It was submitted here upon the theory that the judgment for costs was predicated solely upon the agreement in question. We think that the judgment, upon its face, shows this; and that there is sufficient before us in the record proper from which to determine the only question involved.

We are therefore of the opinion that the circuit court was without authority to adjudge the costs in

plaintiff's favor and against the defendant. The judgment should therefore be reversed, and the cause remanded, with directions to the circuit court to enter an order modifying the judgment herein in accordance with this opinion, dismissing the cause at the cost of plaintiff. It is so ordered. *Reynolds, P. J.,* and *Nortoni, J.,* concur.