**RAYMORE–PECULIAR REORGANIZED SCHOOL DISTRICT R–II OF CASS COUNTY, Missouri, Plaintiff-Appellant,**

v.

**W. Donald STEWART, County Superintendent of Schools of Cass County, Missouri, Defendant-Respondent.**

**No. 24819.**

Kansas City Court of Appeals.

Missouri.

Feb. 5, 1968.

---

Gayles R. Pine, Pine & Lockard, Warrensburg, for appellant.

Elvin S. Douglas, Jr., Crouch, Crouch, Spangler & Douglas, Harrisonville, for respondent.

MAUGHMER, Commissioner.

On December 15, 1966, the plaintiff, Raymore-Peculiar Reorganized School District R–II of Cass County, Missouri, brought this action against the defendant, W. Donald Stewart, County Superintendent of Schools of Cass County, Missouri. The petition alleged in part (1) that on or about July 25, 1966, a petition had been filed, signed by 39 qualified voters of plaintiff school district and requesting that plaintiff Board of Education call an election to change boundaries between the plaintiff district and Pleasant Hill Reorganized District, pertaining to a part of the lands presently lying within the boundaries of The Village of Lake Winnebago, Cass County, Missouri; (2) that on or about November 18, 1966, there had been filed with defendant a petition, signed by 31 persons purporting to be residents of The Village of Lake Winnebago, petitioning defendant as county superintendent of schools to call an election on a proposal to form a school district within the boundaries of The Village of Lake Winnebago; (3) that these two petitions describe lands located in The Village of Lake Winnebago, and that the petition filed first takes precedence over the one filed later; (4) that defendant has advised plaintiff he intends to act on the second petition and call the election there requested; (5) WHEREFORE, plaintiff prayed for an *injunction restraining defendant from calling and holding such election.* Defendant answered, denying the precedence, that any conflict existed, and stated he had called such an election for January 4, 1967.

On December 30, 1966, the circuit court found the issues for defendant and denied plaintiff's prayer for injunctive relief. The motion for new trial was overruled on March 27, 1967. On March 29, 1967, plaintiff filed its notice of appeal.

Defendant has filed in this court a motion to dismiss the appeal, asserting therein that the election which plaintiff sought to enjoin was actually held on January 4, 1967, and, therefore, the issue is moot. Plaintiff has filed no written denial of these factual allegations and its counsel admitted in oral argument before this court that the election had been held on January 4, 1967. Plaintiff argued here that the petition for injunction raised other equitable issues, including defendant's legal authority to call and hold the election while plaintiff's petition for a different election was pending. It was argued that this is so even though plaintiff's petition prayed only for an injunction enjoining defendant from holding the election.

In Hribernik et al. v. Reorganized School District R–3 et al., Mo.App., 276 S.W.2d 596, 598, the court said:

"The existence of an actual and vital controversy susceptible of some relief is essential to appellate jurisdiction. Courts are not organized to engage in the barren formality of determining whether relief might have been granted if the case were not moot. They do not sit merely to vindicate the rectitude of the theories of parties who originate litigation or to furnish them with advisory opinions on abstract or moot questions".

**754**

The case of Perseverance Common School District No. 90 et al. v. Honey et al., Mo. App., 367 S.W.2d 243, 248, concerned a petition for an injunction to restrain the holding of a school election. A temporary injunction was issued and then dismissed by the trial court. The election sought to be enjoined was thereafter actually held and plaintiff appealed. We quote from the appellate opinion dismissing the appeal:

"After having accepted jurisdiction in this case, we learn, from statements made by counsel in argument and from pleadings filed in this and in a companion case, that all things restrained by the temporary injunction have, since the date of the order appealed from, been done.

\* \* \* \* \* \*

"And if a case becomes moot because some event occurs which makes it impossible for the reviewing court to grant effectual relief, the appeal will be dismissed.

\* \* \* \* \* \*

"No court can turn back the clock and order not to be done that which has already occurred. Hence the question (as to the matters raised on this appeal) is moot and the appeal must be dismissed".

The subject matter of the instant suit as it was originally brought is no longer in active controversy. The election, the holding of which plaintiff sought to restrain and enjoin, has been held. We cannot undo what has already been done. We are powerless to correct any wrongs or misfortunes plaintiff may have suffered resulting from the election. It is too late to lock the barn door after the horse has been stolen. The matter is moot and the appeal must be dismissed. Since the appeal was taken after the election had been held and the issue had become moot, we rule that the costs be taxed against appellant.

The appeal is dismissed.

SPERRY, C., concurs.

PER CURIAM:

The foregoing opinion of MAUGHMER, C., is adopted as the opinion of the Court.

All concur.