Mary J. SIGNAIGO, Plaintiff-Appellant,

v.

Robert C. SIGNAIGO, Jr.,
Defendant-Respondent.

No. 50966.

Missouri Court of Appeals,
Eastern District,
Division Three.

Oct. 21, 1986.

Susan K. Roach, St. Louis, for plaintiff-appellant.

Melody E. Noel, Rothman, Sokol & Adler, St. Louis, for defendant-respondent.

CRANDALL, Judge.

This is an appeal by wife, Mary J. Signaigo, from a decree of dissolution of her marriage to husband, Robert C. Signaigo, Jr. We affirm.

The parties were married in 1975 and separated in 1983. No children were born of the marriage. At the time of the decree, wife was 64 years of age, a diabetic and hard of hearing; husband was 59 years of age. Both had been married previously. Husband was paying maintenance and child support to his first wife.

Husband was the sole shareholder of Jefferson Camera Shop, Inc. He had purchased the stock from his parents prior to this marriage. Wife was a salaried employee of the corporation for 17 years, both before and during the marriage. Her employment ended when the parties separated. She maintained the records of the corporation and served in the capacity of a bookkeeper, a credit manager and a personnel manager for the company. She was the Vice President and Treasurer, but not a shareholder, of the corporation.

At the time of the marriage, wife owned a condominium which was encumbered by a first deed of trust. In 1979, the corporation began experiencing some financial difficulties. As a result, the corporation secured a loan of $75,000 by encumbering the condominium with a second deed of trust. Wife also obtained a loan of $10,000 for the

corporation, pledging as collateral a jointly held certificate of deposit.

The trial court set aside to wife as separate property the condominium and divided the marital property so that she received one-half of a certificate of deposit, an automobile, the balances in two bank accounts, and the household goods in her possession. The trial court set aside to husband as separate property certain personal property, all the shares in Jefferson Camera Shop, Inc., other stock, and a promissory note due him from the corporation. He was awarded as marital property one-half of the certificate of deposit, the household goods in his possession, and an individual retirement account. The trial court ordered the husband to make all payments on the note evidenced by the second deed of trust. Wife was responsible for paying off the balances due on the charge accounts. Wife was not awarded maintenance or attorney's fees.

Within the narrow scope of appellate review in a court-tried case, we now consider wife's four allegations of error. Wife raises four points on appeal. Points I, II, and IV allege respectively that the trial court erred in failing to award her maintenance, in failing to award her attorney's fees, and in requiring her to pay the charge account debts. We have examined the record and find that the trial court's findings with regard to these three points are supported by substantial evidence. No abuse of discretion appears. These points are therefore denied in accordance with Rule 84.-16(b).

In wife's second point, she asseverates error in the trial court's setting aside as husband's separate property the shares in Jefferson Camera Shop, Inc. Wife contends that she is entitled to a financial interest in husband's corporation because of contributions she made to the company. She posits that she contributed to the cor-

poration by working there for 17 years and encumbered her "personal assets" for the benefit of the corporation by securing a second deed of trust on the condominium and by pledging a jointly held certificate of deposit for a second loan.

■ The status of property as marital or separate is determined by the source of funds approach. *Hoffmann v. Hoffmann,* 676 S.W.2d 817 (Mo. banc 1984). "Under the source of funds rule, the character of property is determined by the source of funds financing the purchase." *Id.* at 824. In *Hoffmann,* the court held that, although the stock of husband's family corporation had increased in value during the marriage, the wife gained no benefit from the application of the source of funds concept. The court found that there was credible evidence that "marital property was not used to increase the corporation's value . . . ." *Id.* at 826.

■ Admittedly, in this case, wife did work for the benefit of the corporation for 17 years. She was, however, paid a salary for her efforts. *See. e.g., Bizzell v. Bizzell,* 697 S.W.2d 559, 562 (Mo.App.1985). Further, there is no evidence that her labors served to increase to any degree the value of the business. *See, e.g., Id.* In fact, the record shows that the corporation was losing business from 1979 on, due in part to increased competition.

Wife's argument that her separate property as well as marital property had been encumbered for the benefit of the corporation is not persuasive. Neither wife's personal funds nor marital funds were ever invested in the corporation. Separate and marital property were merely used as security for the payment of loans advanced to the corporation. Further, corporate, not marital, assets were expended to pay off the second deed of trust on the condominium as well as the second loan. The trial court did not abuse its discretion in setting

aside all of the stock in the corporation to husband.

The judgment of the trial court is affirmed.[1]

PUDLOWSKI, P.J., and KAROHL, J., concur.

1. All motions of the parties pending on appeal are overruled.