**GILROY–SIMS AND ASSOCIATES, et al., Cross-Appellants,**

v.

**DOWNTOWN ST. LOUIS BUSINESS DISTRICT,**
**Appellant/Cross-Respondent,**

and

**City of St. Louis, et al.,**
**Respondents/Cross-Respondents.**

Nos. 51190, 51213.

Missouri Court of Appeals,
Eastern District,
Division One.

March 24, 1987.

Motion for Rehearing and/or
Transfer Denied
April 23, 1987.

Application to Transfer Denied
June 16, 1987.

Peter W. Herzog, St. Louis, for cross-appellants.

Shulamith Simon, Julian Bush (City Counselors Office), St. Louis, for appellant/cross-respondent.

KELLY, Presiding Judge.

This appeal and cross appeal concern a judgment of $10,000.00 for costs and attorneys' fees entered against appellant Downtown St. Louis Business District in favor of Gilroy-Sims and Associates, Thomas R. Green, Michael M. Starr, and Starr Service Parking Co., Inc., plaintiffs in an action to enforce the Hancock Amendment against the Downtown St. Louis Business District, the City of St. Louis, and individual members of the Board of Election Commission-

ers of the City of St. Louis. The Downtown St. Louis Business District ("District") has appealed, contending that its co-defendants City of St. Louis and members of the Board of Election Commissioners ("City") should have been ordered to pay the $10,000.00 attorneys' fees and costs, instead of the District. Gilroy-Sims and Associates, Thomas R. Green, Michael M. Starr, and Starr Service & Parking Co., Inc. ("Gilroy-Sims") have filed a cross appeal challenging the adequacy of the amount of attorneys' fees awarded. City responds to the appeal by the District that the District was properly charged with sole liability for payment of attorneys' fees and costs. Both the City and District respond to the cross appeal that the $10,000.00 awarded to Gilroy-Sims for attorneys' fees and costs was proper. In the interest of judicial economy, we have consolidated the appeal and cross appeal and affirm the judgment as modified.

In December 1983, the Board of Aldermen of the City of St. Louis adopted, and Mayor Vincent Schoemehl signed as law, Board Bill 588. Board Bill 588 created the Downtown St. Louis Business District as a special business district, pursuant to Sections 71.790 et seq., RSMo 1978 and Cum. Supp.1984 (now RSMo 1986). The bill also established a tax rate and initial levy for the District. Gilroy-Sims filed suit against the City of St. Louis on June 7, 1984, which challenged the ordinance and sought to enjoin collection of the tax as violative of the Missouri Constitution of 1945, article X, § 22 (1980), popularly known as the Hancock Amendment, because the tax had not been submitted for the approval of the voters. Sometime later that month Gilroy-Sims filed a first amended petition adding the members of the Board of Election Commissioners and the District as defendants.

In the wake of the lawsuit, Board Bill 148 was introduced June 29, 1984, and signed by the mayor September 4, 1984. Although neither Board Bill 588 or 148 is before us, we infer from the parties that the bills were substantially the same, with one major difference. Board Bill 148 provided for submitting to the voters residing within the boundaries of the District the initial tax rate and levy at the general election in November 1984. Within two weeks of the mayor's signing Board Bill 148, Gilroy-Sims again amended their petition, adding a second count on September 17, 1984. The second count prayed that the election on the initial tax rate and levy proposal be enjoined because of procedural irregularities in the passage of Board Bill 148. The trial court ruled against Gilroy-Sims on September 26, 1984, on the merits of their newly added count two, prompting an immediate appeal to our court.

Nothing in the record before us relates what action, if any, was taken on count one. Count one mirrored the original petition filed by Gilroy-Sims, differing only in the addition of the Downtown St. Louis Business District as a defendant, and the deletion of a party as plaintiff. Prior to our decision on that appeal, Board Bill 148 was placed on the ballot for the November 1984 election and approved. We subsequently held that voter approval of Bill 148 rendered the issues raised by the appeal moot. *See Gilroy-Sims v. City of St. Louis*, 697 S.W.2d 567, 570 (Mo.App.1985).

Following our opinion, Gilroy-Sims filed a motion with the trial court for allowance of attorneys' fees. Gilroy Sims predicated the motion on Section 23 of the Missouri Constitution providing for recovery of attorneys' fees to parties who successfully maintain lawsuits enforcing compliance with the Hancock Amendment.

After a hearing on the motion for attorneys' fees, the trial court rendered its decision and dismissed count two as moot and dismissed count one outright, without stating why. Nevertheless, the trial court found Gilroy-Sims to be "prevailing parties" within the spirit of the Hancock Amendment and, therefore, entitled to receive attorneys' fees. The trial court then awarded Gilroy-Sims $10,000.00 for attorneys' fees plus costs and ordered the District to pay the award while specifically exempting the City from paying any part of the award.

The two issues presented in this consolidated appeal are the amount of attorneys'

fees awarded and the party properly liable for their payment.

The amount of attorneys' fees awarded is raised by Gilroy-Sims in the cross appeal. Gilroy-Sims based the motion for recovery of attorney's fees on the constitutional amendment providing that any taxpayer who brings suit to enforce the provisions of the Hancock Amendment, "if the suit is sustained, shall receive from the applicable unit of government his costs, including reasonable attorneys' fees incurred in maintaining such suit." Mo. Const. Art. X, § 23 (1945, amended 1980).

At the hearing on Gilroy-Sims' motion for attorneys' fees, the attorney who represented Gilroy-Sims in the lawsuit challenging Board Bills 588 and 148 testified. The court also received in evidence five exhibits relating to the time spent and work done on the lawsuit. The amount billed between June 8, 1984, and November 1, 1985, totalled $41,297.35, reflecting $357.35 in cash outlays and $40,940.00 in attorneys' fees. An expert witness attested that $41,000.00 reflected the reasonable value of the services performed by the attorneys for Gilroy-Sims. No opposing testimony was offered. From the foregoing, Gilroy-Sims concludes that the trial court's award of less than one-fourth of the amount established by the evidence was clearly erroneous.

At the outset we observe that the District accepts the trial court's characterization of Gilroy-Sims as "prevailing parties", although no judgment was entered in favor of Gilroy-Sims either on count one claiming violation of the Hancock Amendment or on count two concerning the election. However, the City raises for the first time on appeal that Gilroy-Sims is not a "prevailing party" because the trial court dismissed both counts of Gilroy-Sims' petition with prejudice. The City relies on *Johnson v. Spires*, 181 Mo.App. 508, 164 S.W. 653, 654 (1914), which defines a prevailing party as one who has obtained a favorable judgment upon the cause of action set out in one's petition. The City reasons that the dismissal of the action precludes the determination that Gilroy-Sims obtained a judgment in its favor.

Section 23 of the Hancock Amendment authorizes reasonable attorneys' fees "if the suit [brought to enforce sections 16 through 22 of the Hancock Amendment] is sustained." The trial court labelled Gilroy-Sims as "prevailing parties in the spirit of Article X, § 23 of the Missouri Constitution." Despite the dismissal, no party questioned at the hearing that Gilroy-Sims obtained the relief initially sought, the enactment of an ordinance in compliance with the Hancock Amendment. The City, in fact, stipulated at the hearing on attorneys' fees that "the filing of the Gilroy-Sims petition was the motivating factor in the Board of Aldermen adopting the ordinance calling the Hancock election." In light of the City's stipulation at the hearing, we reject its argument on appeal that Gilroy-Sims was not entitled to an award of attorneys' fees.

■ On the merits of Gilroy-Sims' cross appeal, both City and District, as cross respondents, support the amount awarded Gilroy-Sims by the trial court. The crux of their position is that Gilroy-Sims is entitled to receive attorneys' fees only on count one of its action "to enforce the provisions of sections 16 through 22, inclusive, of this article" [the Hancock Amendment], and not on count two to prevent the election called for in Bill 148. Gilroy-Sims replies that the distinction between the two counts is artificial and that the record indicates both counts were intricately involved in forcing proper compliance with the Hancock Amendment. We agree with cross respondents.

The thrust of count one challenged the failure of the City and District to comply with the Hancock Amendment by failing to submit to voter approval the proposed tax rate and initial levy established under Board Bill 588. The issue in count two pertained to the procedural irregularity in the enactment of Board Bill 148 providing for voter consideration of the proposed tax rate and levy in the November 1984 election. In count two, Gilroy-Sims alleged Bill 148 was "void, invalid and of no effect" because the Board of Aldermen had failed to follow its own rules of internal proce-

dure of publicly posting at least two days notice prior to any hearing on Board Bill 148.

We dismissed the position advanced by Gilroy-Sims in count two of its petition in *Gilroy-Sims and Associates v. City of St. Louis,* 697 S.W.2d at 570 n. 1[4], having noted, "Noncompliance with internal procedural rules, as opposed to requirements of statutes, ordinances, charters or codes, does not invalidate an enactment actually adopted by a municipal assembly, whether the rules of procedure were suspended, waived or tacitly ignored." (citations omitted). Our dictum that the claim raised by count two of Gilroy-Sims' petition lacked merit is dispositive of the issue of attorneys' fees. Having indicated earlier that its claim under count two of its petition lacked merit, 697 S.W.2d at 570, we are convinced that Gilroy-Sims did not satisfy the requirement that its suit be sustained under the Hancock Amendment, at least on count two. The essence of the trial court's action was a determination that, to the extent the suit was sustained on count one, attorneys' fees were recoverable; to the extent the suit was not sustained on count two, no attorneys' fees.

■ The evidence at the hearing established that Gilroy-Sims incurred attorneys' fees and costs of about nine thousand dollars in prosecuting count one of its action, with the remainder of the fees sought attributable to its legal efforts on count two. The setting of attorneys' fees is within the sound discretion of the trial court and should not be reversed unless the award is so arbitrarily arrived at or is so unreasonable that it indicates indifference and lack of proper judicial consideration. *Roberts v. McNary,* 636 S.W.2d 332, 337[16] (Mo. banc 1982). The trial court did not abuse its discretion in the amount of attorneys' fees awarded Gilroy-Sims for ultimately prevailing in its goal on count one of enforcing compliance with the Hancock Amendment.

The determination of which party is properly liable for the payment of attorneys' fees is the issue raised on the direct appeal by the District. The District urges the trial court be reversed in specifically exempting the City from payment of the attorneys' fees. The City responds the District was properly charged with sole liability for payment of the award. Gilroy-Sims really has no interest in who pays the attorneys' fees, so long as they are paid, and proffers no argument about who should pay the award.

Section 23 of the Hancock Amendment provides that "[n]otwithstanding other provisions of this constitution or other law," any taxpayer whose suit to enforce the Hancock Amendment is sustained "shall receive from the applicable unit of government his costs, including reasonable attorneys' fees incurred in maintaining such suit." Mo. Const. Art. X, § 23.

The question of who pays the attorneys' fees to Gilroy-Sims turns on the meaning of "the applicable unit of government." Although the Hancock Amendment contains a definitional section, *see* Mo. Const. Art. X, § 17, nowhere does the amendment define "applicable unit of government." Nor has the term as employed in Article 23 been construed by any Missouri court.

■ Missouri's Hancock Amendment was modelled after a constitutional provision adopted by Michigan voters in 1978 known as the Headlee Amendment. *See* Mich. Const. of 1963, art. IX, §§ 25–34 (1978); 42 Op.Att'y Gen. No. 16–85 at 5 (March 11, 1985). Where a state statute copies nearly verbatim a statute of another state, there is a presumption that it was enacted with the construction placed upon it by the courts of that state, unless contrary to the clear meaning of the terms of the statute. *State ex rel. Nichols v. Fuller,* 449 S.W.2d 11, 14[2] (Mo.App.1969). However, recourse to Michigan law is also unavailing. Our research has disclosed no Michigan authority resolving which body politic, the City or the District, is the "applicable unit of government" properly responsible for the payment of attorneys' fees to Gilroy-Sims.

■ We are not totally stranded by our excursion into this yet untravelled area. Turning to the enabling legislation for special business districts has provided us a

guidepost. An analysis of these statutes, sections 71.790 *et seq.* RSMo 1986, leads us to the conclusion that the City, not the District, should pay the assessed attorneys' fees and costs.

Section 71.790 provides that "[t]he governing body of any city may establish special business districts...." The governing body here is clearly the Board of Aldermen of the City. A business district shall be formed by ordinance of the governing body of the city which shall establish the business district and define its limits. § 71.792. Upon petition by one or more owners of real property within the proposed district, the governing body may adopt a resolution of intention to establish ... a special business district. § 71.794. The resolution shall contain, *inter alia*, the proposed uses to which the additional revenue shall be put and the initial tax rate to be levied. § 71.794(1)(c). If the governing body ... decides to establish the proposed district, it shall adopt an ordinance to that effect, § 71.794(4), which shall contain "[t]he initial rate of levy to be imposed upon the property lying within the boundaries of the district," § 71.794(4)(e), "[t]he uses to which the additional revenue shall be put," § 71.794(4)(g), and in a city with a population of 350,000 or more, provisions for a board of commissioners appointed by the mayor with the advice and consent of the governing body of the city to administer the special business district. § 71.794(4)(i). Also in a city of 350,000 or more, the governing body of the city creating the district shall have final discretion on how the revenue imposed under these sections shall be used. § 71.799.2.

The District may impose a tax upon real property owners in the District for the purpose, among others, of paying for all costs and expenses incurred in the operation of the District and for the provision of certain authorized services or improvements. § 71.800.1. The District may impose an additional tax on businesses and individuals doing business within the District for a purpose similar to the above. § 71.800.2. In lieu of the tax authorized by § 71.800.1, the District may impose a special assessment on all real property within the District. § 71.800.3.

Notwithstanding that § 71.800 empowers the District to impose a tax or special assessment, it was the initial tax rate and levy established by the City in its Board Bill 588 that was the subject of the lawsuit's challenge as violative of the Hancock Amendment.

Under this statutory scheme, it was the Board of Aldermen of the City which passed the board bill creating the District and establishing a tax rate and initial levy for the District. The City's Board of Aldermen controlled the uses for revenues derived from the District. It was the City's initial passage of Board Bill 588 which triggered the original lawsuit. We think it proper under these circumstances that the City be held the "applicable unit of government" liable for the award of attorneys' fees and costs to Gilroy-Sims.

Pursuant to Rule 84.14 enabling us to give such judgment as the court ought to give, the ORDER AND JUDGMENT is modified in pertinent part to provide:

JUDGMENT in the sum of *Ten Thousand Dollars* is hereby entered in favor of plaintiffs and against defendant CITY OF ST. LOUIS.

B. CAUSE dismissed with prejudice and with costs taxed against defendant CITY OF ST. LOUIS.

The judgment, as modified, is affirmed. Costs of the appeal are assessed against respondents.

CRIST and SMITH, JJ., concur.