Richard C. Rice, Director Department of Public Safety Truman State Office Building Jefferson City, Missouri 65101
Dear Director Rice:
This opinion is in response to your question asking:
 The installation and use of pen registers is authorized under Section 542.408(7), RSMo. The question of law is whether pen registers may be applied to crimes other than those involving "controlled substances," e.g., gambling, auto theft, prostitution and the like.
A pen register is a device which monitors what telephone numbers are dialed from a particular telephone, without intercepting the contents of any telephone conversations. Smith v. Maryland,442 U.S. 735, 736 (n. 1), 99 S.Ct. 2577, 61 L.Ed.2d 220 (1979).
Section 542.408.7, RSMo Supp. 1990, states as follows:
 7. Notwithstanding any other provisions of sections 542.400 to 542.424, any law enforcement officer with the approval of the prosecuting attorney may request an order of an appropriate court whenever reasonable grounds therefor exist to have a pen register placed in effect, which pen register will only determine the phone number to which the call is placed.
With the exception of the above provision, Sections 542.400 to 542.424, RSMo Supp. 1990, address a separate and distinct form of electronic surveillance: the interception by court order of the contents of wire communications ("wiretapping"). These statutes specify, among other things, that a wiretapping application must be made by the elected prosecuting attorney of the county with the written authorization of the Attorney General of Missouri, Section 542.404.1; that a court order authorizing a wiretap cannot issue except upon a showing of probable cause, Section 542.408.3; and that the interception of wire communications may be requested or obtained only when such interception may provide information regarding specified drug offenses. The last of these limitations appears in Section542.404.1, which states in pertinent part as follows:
 [A court may grant] an order authorizing the interception of wire communications by the law enforcement agency having responsibility for the investigation of the offense if there is probable cause to believe that the interception may provide evidence of:
 (1) A felony which involves the manufacture, importation, receiving, possession, buying, selling, prescription, administration, dispensation, distribution, compounding or otherwise having in a person's control any controlled substance, as the term "controlled substance" is defined in section 195.010, RSMo; or
 (2) Any conspiracy to commit any of the offenses listed in subdivision (1) of this subsection.
The fundamental rule in the construction of statutes is to determine the intent of the legislature from the statutory language, to give effect to that intent where possible and to consider the words used in their plain and ordinary meaning.Wolff Shoe Company v. Director of Revenue, 762 S.W.2d 29, 31
(Mo. banc 1988). "[W]here a statute's language is clear and unambiguous, there is no room for construction." Id. Section542.408.7 states, unequivocally and without exception, that the provision in that subsection for obtaining a court order authorizing a pen register is "[n]otwithstanding any other provisions of sections 542.400 to 542.424." It would seem to follow of necessity from this language that the requirements and restrictions concerning wiretapping which appear elsewhere in Sections 542.400 through 542.424, including the limitation in Section 542.404.1 on the types of crimes for which an application may be made, do not govern requests for pen registers. Similar language has been employed in a number of other statutes in which it was clear, from context, that the intent of the legislature was to completely exempt that provision from the operation of other laws which might otherwise apply. See, e.g., Sections 473.433.4, 565.021.3 and 572.125.2, RSMo 1986.
Aside from the plain language of Section 542.408.7, a construction of that subsection as being subject to the requirements and limitations of Sections 542.400 through 542.424 would lead to direct conflicts between Section 542.408.7 and the surrounding statutes. For example, a showing of probable cause is required under Section 542.408.3 for the issuance of a wiretap order, whereas Section 542.408.7 specifies that the standard for authorizing a pen register is whether "reasonable grounds . . . exist." Similarly, Section 542.404.1 directs that wiretap applications be made by "[t]he elected prosecuting attorney of the county with the written authorization of the attorney general," while the subsection relating to pen registers provides that the request is made by "any law enforcement officer with the approval of the prosecuting attorney." Section 542.408.7. "In determining the legislature's intention, the provisions of the entire legislative act must be construed together, and if reasonably possible, all the provisions must be harmonized." Collins v.Director of Revenue, 691 S.W.2d 246, 251 (Mo. banc 1985).
Finally, it should be noted that the statutory provisions on wiretapping in Sections 542.400 through 542.424 are taken directly, and to a large extent verbatim, from the federal law on electronic surveillance, 18 U.S.C. § 2510 through 2521. Federal law preempts the field of electronic surveillance, and equivalent state legislation is required before such surveillance may be conducted by state authorities. 18 U.S.C. § 2516(2). Where, as here, a statute is copied from one in another jurisdiction, "there is a presumption that it was enacted with the construction placed upon it by the courts of that [jurisdiction], unless contrary to the clear meaning of the terms of the statute." Gilroy-Sims and Associates v. DowntownSt. Louis Business District, 729 S.W.2d 504, 508 (Mo.App. 1987). In United States v. New York Telephone Co., 434 U.S. 159,98 S.Ct. 364, 54 L.Ed.2d 376 (1977), the United States Supreme Court held that the statutory requirements and limitations which apply to wiretapping and similar forms of electronic surveillance do not govern pen registers. Id.,434 U.S. at 165-168. The basis for the Supreme Court's ruling was that the federal statutes regulate the "interception" of wire or oral communications, whereas pen registers do not "intercept" communications because the contents of communications are not obtained. Id., 434 U.S. at 166-167. The statutory limitations on wiretapping enacted in the State of Missouri, including the requirement that wiretapping be limited to specified drug offenses, are all expressly phrased as restrictions on "the interception of a wire communication," and this state's definition of "intercept," Section 542.400(6), employs the same essential language as appears in the equivalent federal definition, 18 U.S.C. § 2510(4), and which was relied upon by the United States Supreme Court. United States v. New YorkTelephone Co., supra, 434 U.S. at 167.
CONCLUSION
It is the opinion of this office that the installation and use of pen registers pursuant to Section 542.408.7, RSMo Supp. 1990, is not limited to investigations involving controlled substances.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General