**CITIZENS FOR SAFE WASTE MANAGEMENT, et al.,**
**Appellants,**

v.

**ST. LOUIS COUNTY AIR POLLUTION CONTROL APPEAL BOARD, et al.,**
**Respondents.**

**No. WD 48917.**

Missouri Court of Appeals,
Western District.

March 7, 1995.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 2, 1995.

Lewis C. Green, Bruce A. Morrison, Kathleen G. Henry, Green, Hennings & Henry, St. Louis, for appellants.

Gerald A. Rimmel, Michael Waxenberg, Susman, Schermer, Rimmel & Shifrin, St.

**644**

Louis, James H. White, Deputy County Counselor, Clayton, for respondents.

Before SPINDEN, P.J., and LOWENSTEIN and ELLIS, JJ.

LOWENSTEIN, Judge.

This appeal follows a two-count declaratory judgment suit brought by appellants to stop construction and operation of the Halls Ferry landfill site in St. Louis County. Just prior to oral argument, the landfill operator, holder of the permits for this site, dropped the project, sought to decommission the landfill, and commenced excavation and removal of waste already in the landfill. Appellants and respondents agree that the subject matter of the suit is moot, but disagree as to the doctrine of mootness applying to a portion of the circuit court judgment.

Appellants are two individuals who live near the site, plus a committee, Citizens for Safe Waste Management (Citizens), formed to promote safe waste management. Respondents are the St. Louis County Air Pollution Appeal Board (Appeal Board), some individual members of that board, the county's program manager for air pollution, and Halls Ferry Investments, Inc. (Operator). In Count I of their suit brought under § 527.010, RSMo 1994 (all references to Missouri statutes will only be to the section number), the appellants (hereafter referred to collectively as Citizens), sought to have two permits, issued under the aegis of chapter 643 which deals with Air Conservation, to Operator declared invalid. After a hearing, the Appeal Board gave approval to Operator's application, but according to this count of the petition and contrary to the language of § 643.140.2, Appeal Board did not, within fifteen days, so notify the Air Conservation Commission of Missouri (Commission), § 643.020.23 and § 643.040. Generally, under § 643.140.3, the issuance of the permits by a local authority such as the Appeal Board, serve as a permit of the Commission. Count II prayed to set aside Appeal Board's decision based on various contentions of procedural and hearing errors.

The Cole County Circuit Court upheld Appeal Board's action. After briefing, and prior to argument, Operator decided to abandon the landfill project at Halls Ferry, and obtained from Commission and St. Louis County a "decommissioning plan," and began removing collection systems and flares from the site. The landfill site is being abandoned.

In a nutshell, Citizens, while agreeing the threat of a landfill on the Halls Ferry site is now gone, and agreeing that Count II is moot, now want this court: 1) on Count II, to *vacate* the circuit court judgment and allow them their costs; and 2) to take up and decide the question raised in Count I of the effect of non-compliance with the fifteen day notice requirement from Appeal Board to the Commission in § 643.140.2.

"The general rule is that an appellate court will not consider matter *de hors* the record. However, one exception to that rule is that such court will consider evidence outside the record to determine whether the question in controversy has become moot." *Koch v. Board of Regents,* 265 S.W.2d 421 (Mo.App. 1954). "Several developments taking place between the time of appeal and argument before this Court affect the disposition of certain issues in this case." *Bank of Washington v. McAuliffe,* 676 S.W.2d 483 (Mo. banc 1984). The intervening events of decommissioning and abandonment of this site as a landfill affect the need to address the underlying issues of this appeal. *Id.* An action "is moot when the question presented for decision seeks a judgment upon some matter which, if the judgment was rendered, would not have any practical effect upon any then existing controversy." *Id.* at 487. "The existence of an actual and vital controversy susceptible of some relief is essential to appellate jurisdiction." *Duffe v. Zych,* 676 S.W.2d 70 (Mo.App.1984).

In the case at bar, it would seem that with the site being abandoned as a landfill site, and the decommissioning of the site Citizens sought to stop, this court cannot grant Citizens any effectual relief. *Rich v. Rich,* 871 S.W.2d 618 (Mo.App.1994); *Paris v. Director of Revenue,* 858 S.W.2d 829 (Mo. App.1993); *State v. Eyberg,* 671 S.W.2d 26 (Mo.App.1984). Where the only question remaining is to render a hypothetical opinion,

and the matter is moot, a court should not render an advisory opinion but, rather, should dismiss the appeal as moot. *Vallejo v. Osco Drug, Inc.,* 851 S.W.2d 533 (Mo.App. 1993); *Morgan County v. Labor & Ind. Rel. Com'n,* 760 S.W.2d 530 (Mo.App.1988).

 The exception to the mootness doctrine comes into play when a moot issue between the parties presents: 1) an unsettled legal issue of public interest and importance, *Kracman v. Ozark Elec. Coop., Inc.,* 816 S.W.2d 688, 691 (Mo.App.1991); and 2) an issue of recurring nature that will escape review "unless the court exercises its discretionary jurisdiction," *State ex. rel. Missouri Public Service Co. v. Fraas,* 627 S.W.2d 882 (Mo.App.1981); *Magruder v. Petre,* 690 S.W.2d 830 (Mo.App.1985).

As to the issue in Count I dealing with interpretation of the statutory language of the fifteen day notice in § 643.140.2, the court exercises its discretion to not render an advisory opinion when this site which was the focus of interest to Citizens, will no longer be used for a landfill. The court will not decide a question disconnected from the granting of actual relief. *Committee for Educ. Equality v. State,* 878 S.W.2d 446 (Mo. banc 1994). Citizens' fears that the permits granted in this landfill case might somehow be used by another company to start up another landfill are unfounded.

Obviously, Citizens would like an appellate decision interpreting the effect of non-compliance of notice of granting of a permit by a local board to the Commission. Citizens says this portion of the judgment needs to be addressed because the permits granted to the Operator are still "live" and could somehow be picked and negotiated, not unlike a bearer bond. Without going into great detail, it can be said that the permits on the Halls Ferry site which are issued to the Operator, can no longer be used by the Operator nor a transferee to operate the sanitary landfill.

This court also declines the invitation to vacate the judgment of the circuit court and remand for a determination of assessment of costs as to Count II, as opposed to dismissal of the appeal. *Committee for Educ. Equality* at 454–55. This court, as did the Supreme Court in *State ex rel. Dallavalle v. Baine,* 630 S.W.2d 569 (Mo. banc 1982), declines to send this matter back to the trial court to reassess costs.

The appeal is dismissed.

All concur.