James **HERTZOG**, Appellant,

v.

**CITY OF GREENWOOD**; Kathy Graham, Brian Harms, Richard Wisniewski, and Carl Worth, members of the Greenwood Board of Aldermen, Respondents.

No. WD 53291.

Missouri Court of Appeals, Western District.

May 6, 1997.

Charles Weedman, Jr., Harrisonville, for appellant.

Paul Lamoree, Overland Park, KS, for respondents.

SPINDEN, Judge.

James Hertzog was mayor of Greenwood until its board of aldermen impeached him and removed him from office in October 1995. Hertzog sued the board on November 29, 1995. In Count I, he contended that the board violated the open meetings law, Chapter 610, RSMo, and in Count II, he asked for the circuit court's review of the board's impeachment proceedings. He did not appeal the circuit court's dismissal of Count II or its dismissal of Greenwood as a defendant. In Count I, he prayed for the circuit court to fine the board for its open meetings violations, to order the board to pay his attorney fees, for an order "voiding the actions taken by the aldermen and voiding the impeachment," and for an order "reinstating him as mayor." The circuit court dismissed Hertzog's lawsuit on July 31, 1996, and Hertzog appeals.

The circuit court decided to dismiss Hertzog's lawsuit in reliance on facts asserted by the board in its answer. "The allegations of Count I under Chapter 610," the circuit court said, "read in the light of the facts affirmatively pleaded in the *Answer*, fail to state a claim upon which relief may be granted[.]"[1] This is not the proper standard for deciding a motion to dismiss.

The Supreme Court has instructed:

A motion to dismiss for failure to state a cause of action is solely a test of the adequacy of the *plaintiff's* petition. It assumes that all of *plaintiff's* averments are true, and liberally grants to plaintiff all reasonable inferences therefrom. *Sullivan v. Carlisle*, 851 S.W.2d 510, 512 (Mo. banc

---

1. We added the emphasis.

1993). No attempt is made to weigh any facts alleged as to whether they are credible or persuasive. Instead, the petition is reviewed in an almost academic manner, to determine if the facts alleged meet the elements of a recognized cause of action, or of a cause that might be adopted in that case.

*Nazeri v. Missouri Valley College,* 860 S.W.2d 303, 306 (Mo. banc 1993)(emphasis added). The circuit court should have tested the sufficiency of Hertzog's pleading without consideration of the board's answer.

■ Moreover, the circuit court erred in concluding that Hertzog was obligated to reply to the board's answer. "No Reply having been made," the circuit court said, "the factual allegations of [the board's] Answer stand admitted[.]" Rule 55.01, however, requires a reply only when a defendant to an action files a counterclaim "denominated as such." The board did not file a counterclaim. The rule says, "No other pleading shall be required except as ordered by the court." We find no order by the circuit court mandating Hertzog to file a reply.

Rule 55.09 says, "Specific averments in a pleading to which no responsive pleading is required shall be taken as denied." Because Hertzog was not obligated to file a reply, his failure to deny the board's averments in its answer must be deemed to be denials—not admissions.

The board suggests that Hertzog was obligated to reply because it included seven affirmative defenses in response to Count I. Rule 55.01, however, does not require a reply to affirmative defenses—only to counterclaims. Before amendment on January 1, 1994, the rule said, "When a reply is filed, ... all affirmative defenses of the answer which are not denied in the reply are deemed admitted." The 1994 amendment deleted this sentence. The board's contention that Hertzog was obligated to reply to its affirmative defenses is wrong.

■ Count I averred sufficient facts to state a cause of action. It alleged:

4. Plaintiff brings this action pursuant to Section 610.027, RSMo., "Violations— Remedies, Procedures, Penalty—Validity of Actions by Governing Bodies in Violation".

5. Plaintiff is an aggrieved person seeking judicial enforcement of the provisions of Section 610.010 to 610.026, RSMo.

6. [T]he aldermen of the City of Greenwood, Missouri, are subject to the requirements of Section 610.010 to 610.026, RSMo., commonly known as the "Sunshine Law".

7. [T]he aldermen of the City of Greenwood, Missouri, have violated the law, in that:

A. They have held meetings, taken actions, and deliberated concerning public business, without doing so "open to the public";

B. The aldermen of the City of Greenwood, Missouri, have failed to give notice of meetings and agenda;

C. They have held closed meetings in violation of Sections 610.021 and 610.022, RSMo.;

D. They have charged the public fees for copying public records in excess of the actual cost of documents search and duplication, in violation of 610.026.RSMo.;

8. [T]he Board of Aldermen of the City of Greenwood, Missouri, have met on at least four (4) occasions in a non-public setting, in September and October, 1995, at the home of purported city clerk, LEAH WILLENBRING, outside the city limits of Greenwood, Missouri, with the city clerk, city attorney, ELGENE VerDUGHT, and purported special counsel, PAUL LAMOREE, in attendance, without notice or agenda to the public, to discuss the business of the City of Greenwood, Missouri, and, specifically, to discuss, formulate, plan, deliberate, and scheme the impeachment of Mayor JAMES HERTZOG.

9. [T]he Board of Aldermen adopted Articles of Impeachment from such improper non-public meetings and then held hearings wherein the Board of Aldermen purportedly removed the mayor, JAMES HERTZOG, from office.

10. [T]he aldermen of the City of Greenwood, Missouri, have not demon-

strated compliance with the requirements of Section 610.010 to 610.026, RSMo.

11. [T]he aldermen of the City of Greenwood, Missouri, have purposely violated Section 610.010 to 610.027, RSMo.

These were sufficient facts to survive a motion to dismiss. As the Supreme Court has instructed:

A petition is sufficient to withstand a motion to dismiss for failure to state a claim if it invokes substantive principles of law entitling plaintiff to relief and alleges ultimate facts informing defendant of that which plaintiff will attempt to establish at trial. *Fischer, Spuhl, Herzwurm & Associates, Inc. v. Forrest T. Jones & Co.,* 586 S.W.2d 310, 315 (Mo. banc 1979). It is not to be dismissed for mere lack of definiteness or certainty or because of informality in the statement of an essential fact. *Merriman v. Caton,* 395 S.W.2d 106, 109 (Mo. 1965).

*Ritterbusch v. Holt,* 789 S.W.2d 491, 493 (Mo. banc 1990).

The board complains that Hertzog pleaded only conclusions. We disagree. While not pleading facts in perhaps the detail the board wanted, Hertzog pleaded sufficient detail to survive a motion to dismiss.

We, therefore, reverse the circuit court's judgment. We remand for further proceedings on Count I of Hertzog's petition.

LOWENSTEIN, P.J., and HOWARD, J., concur.