STATE of Missouri ex rel., Janet
WILSON, Respondent,

v.

Charles MURRAY and Kathleen
Graham, Appellants.

No. WD 53759.

Missouri Court of Appeals,
Western District.

Nov. 18, 1997.

William Cronan, II, Columbia, for Appellants.

Charles Robert Buckley, Independence, for Respondent.

SPINDEN, Judge.

Greenwood's city government continues to quarrel.[1] This time, Charles Murray and Kathleen Graham, former members of the Greenwood City Board of Aldermen, are quarreling with the present board over whether Murray should have been recognized as an alderman in 1996. The circuit court ruled that he should not be, and Murray and Graham appeal that judgment.

Board member Janet Wilson has filed a motion to dismiss the appeal because the issues have become moot. Since Murray and Graham appealed, the term to which Murray was appointed expired, a regular election to fill the vacancy was held, and neither Murray nor Graham were elected to the board. Because our decision would grant no relief to Murray or Graham, we agree that the issues are moot and dismiss the appeal.

---

1. This court recently resolved a dispute between Greenwood's aldermen and its mayor in *Hertzog* *v. City of Greenwood,* 944 S.W.2d 588 (Mo.App. 1997).

Greenwood is a fourth class city governed by Chapter 79, RSMo.[2] It has a four member board of aldermen whose meetings are presided over by an elected mayor. On May 6, 1996, Carl Worth resigned his seat on the board, leaving three members: Wilson, Graham, and Brian Harms.

The board met on June 3, 1996, to fill Worth's vacancy. At the meeting, Mayor Curtis Pemberton contended that he had the sole power to appoint someone to fill the vacancy. Several board members objected. When Graham and Harms nominated Murray to fill the vacancy, Wilson walked out of the meeting, and the board tabled the issue until its next meeting on June 10, 1996. Although the board's minutes indicate that the June 3 meeting was not adjourned, Wilson and Pemberton testified that the meeting was adjourned.

Pemberton, Wilson, Graham, and Harms attended the June 10 meeting, but Pemberton did not preside. When a vote on a motion for replacing Worth was called, Wilson again left the meeting, and the board did not vote on the motion.

At 5:00 P.M. on June 18, 1996, someone posted notice at City Hall of a board meeting on June 19, 1996. Graham and Harms were the only members to attend the meeting. The two elected Graham as acting president of the board pursuant to § 79.090.[3] Before then, the board had not elected an acting president. Although Wilson was absent, Graham and Harms counted her as voting for the proposal. Using the powers of the acting president, Graham and Harms passed an ordinance electing Murray to the board. Again, they counted Wilson as voting for the

ordinance. The board did not present the ordinance to the mayor for approval.[4]

On July 1, 1996, Wilson sued for a writ of *quo warranto* seeking to oust Murray from the board and to remove Graham as acting president. She also asked for a declaratory judgment regarding the proper election procedure and counting of votes. On November 20, 1996, the circuit court ruled for Wilson on all counts, declaring that a vacancy must be filled by the adoption of an ordinance, that a quorum of aldermen required to conduct business is three of the four, that any ordinance appointing a person to fill a vacancy requires three votes in favor of the appointment, and that an absent member's vote cannot be counted in favor of an ordinance. The judgment ousted Murray from the vacant board position and Graham from the position of acting president of the board. Murray and Graham appeal.

■ Wilson has moved to dismiss the appeal on the ground that the case is moot. To rule on Wilson's motion, we must consider matters outside the record, but we may do so in considering a mootness issue. *Citizens for Safe Waste Management v. St. Louis County Air Pollution Control Appeal Board,* 896 S.W.2d 643, 644 (Mo.App.1995).

■ A case on appeal becomes moot "when the question presented for decision seeks a judgment upon some matter which, if the judgment was rendered, would not have any practical effect upon any then existing controversy." *Id.* (quoting *Bank of Washington v. McAuliffe,* 676 S.W.2d 483, 487 (Mo. banc 1984)). "The existence of an actual and vital controversy susceptible of some

**2.** All statutory references are to the 1994 Revised Statutes of Missouri.

**3.** Section 79.090 says, "The board shall elect one of their own number who shall be styled 'acting president of the board of aldermen' and who shall serve for a term of one year." In delineating the permissible duties of the acting president, § 79.100 says, "When any vacancy shall happen in the office of mayor by death, resignation, removal from the city, removal from office, refusal to qualify, or from any other cause whatever, the acting president of the board of aldermen shall, for the time being, perform the duties of mayor, with all the rights, privileges, powers and jurisdiction of the mayor, until such vacancy be

filled or such disability be removed; or, in case of temporary absence, until the mayor's return."

**4.** Section 79.130 says, "No ordinance shall be passed except by bill, and no bill shall become an ordinance unless on its final passage a majority of the members elected to the board of aldermen shall vote for it, and the ayes and nays shall be entered on the journal; and all bills shall be read three times before their passage.... No bill shall become an ordinance until it shall have been signed by the mayor or person exercising the duties of the mayor's office, or shall have been passed over the mayor's veto[.]"

relief is essential to appellate jurisdiction." *Id.* (quoting *Duffe v. Zych,* 676 S.W.2d 70 (Mo.App.1984)).

Missouri courts have recognized only two instances in which a court should not dismiss a moot case. The first is cases in which mootness develops as an issue after submission and argument. In those cases, a court may exercise discretion in deciding whether to dismiss for mootness. *Cross v. Cross,* 815 S.W.2d 65, 66 (Mo.App.1991). The other instance arises "[w]here the issue raised is one of general public interest and importance, recurring in nature and will otherwise evade appellate review unless the court exercises its discretionary jurisdiction[.]" *State, ex rel. Missouri Cable Television Association v. Missouri Public Service Commission,* 917 S.W.2d 650, 652 (Mo.App. 1996). Murray and Graham contend that the second instance applies to their case even though neither of them serve on the board.

We have dismissed as moot similar disputes in which the term of an elective office has expired. *See Adams v. Hamilton,* 442 S.W.2d 138 (Mo.App.1969). In another case, in which the plaintiff contended that a board of aldermen had not followed its rules in setting a tax levy election, we held that the appeal was moot because the election had already been held. *Gilroy–Sims and Associates v. City of St. Louis,* 697 S.W.2d 567, 569 (Mo.App.1985). In *Gilroy–Sims,* we said, "We cannot undo what has already been done. We are powerless to correct any wrongs or misfortunes plaintiff may have suffered resulting from the election." *Id.* at 570 (quoting *Raymore–Peculiar Reorganized School District v. Stewart,* 424 S.W.2d 752, 754 (Mo.App.1968)).

No action by this court would reinstate Murray or Graham to their positions. This court's deciding that the declaratory judgment of the circuit court was in error would be of no benefit to Murray or Graham because they are no longer on the board.

*See Waterman v. City of Independence,* 446 S.W.2d 471, 473 (Mo.App.1969).[5]

Murray and Graham ask us to consider the case despite its mootness for guidance to fourth class city board of aldermen. We decline. Because we cannot grant relief to Murray or Graham, our decision would merely constitute an advisory opinion. We "should not render an advisory opinion but, rather, should dismiss the appeal as moot." *Citizens for Waste Management,* 896 S.W.2d at 644–45.

We, therefore, dismiss this appeal because it is moot.

ULRICH, C.J., P.J., and BRECKENRIDGE, J., concur.

---

5. In dismissing the appeal, the Waterman court also annulled the judgment of the trial court because the plaintiffs failed to demonstrate a "legally protectable interest at stake," and therefore, basis for granting a declaratory judgment did not exist. Id. at 474–75. We decline to annul the judgment of the trial court in this case because Murray and Graham have failed to state with specificity any grounds or case law citations to support their request for annulment of the declaratory judgment.