**In the Matter of Suzanne MURRAY,
Respondent–Appellant,**

v.

**Rita HUNTER, Third Party
Respondent–Respondent,**

and

**St. John's Regional Medical Center,
Joplin, Missouri, Petitioner–
Respondent.**

**No. SD 30320.**

Missouri Court of Appeals,
Southern District,
Division One.

Aug. 18, 2010.

Rehearing Denied Sept. 9, 2010.

Application for Transfer Denied
Oct. 26, 2010.

R. Lynn Myers, Springfield, MO, for Appellant.

John R. Lightner, Springfield, MO, for Respondent, Rita Hunter.

Gina D. Atteberry, Joplin, MO, for Respondent, St.John's.

DON E. BURRELL, Judge.

On September 27, 2005, a judge assigned to the Probate Division of the Circuit Court of Jasper County ("the Probate Division") entered a judgment that found Suzanne Murray ("Appellant") to be incapacitated and appointed the public administrator to act as her guardian and conservator. Almost four years later, the Probate Division entered a subsequent judgment finding that Appellant was no longer incapacitated—that she had "recovered her mental capacity and mental ability and is now capable of caring for her own financial affairs ... and is hereby discharged from any care, custody or restraint to which she may have been subjected."

A couple of months thereafter, Appellant filed three motions seeking to set aside certain rulings the Probate Division had made during the course of the proceedings that resulted in its initial judgment finding Appellant to be incapacitated and in need of a guardian and conservator. This appeal followed the Probate Division's denial of those motions. Because the questions we have been asked to decide on appeal would have no effect on any existing controversy, we dismiss Appellant's appeal as moot.

### Background

On August 17, 2005, St. John's Regional Medical Center filed a petition seeking a guardianship and conservatorship to protect Appellant who was alleged to suffer from schizophrenia. The next day, as recommended by Appellant's appointed counsel, the Probate Division named the public administrator as Appellant's temporary

guardian ad litem and conservator ad litem. On September 27, 2005, the Probate Division held a hearing on the hospital's petition, but Appellant refused to attend. Her appointed counsel did appear on her behalf. After that hearing, the Probate Division entered its judgment and accompanying "Letters of Guardianship of Incapacitated Person and Conservatorship of Disabled Person." Approximately a week later, Appellant filed a *pro se* notice of appeal to this court in case number SD27284. Appellant filed the record on appeal on January 3, 2006.[1] Because Appellant failed to file a brief, the appeal was eventually dismissed on June 21, 2006.

On July 5, 2006, Appellant filed a Motion for Rehearing, Reconsideration or Transfer to the Missouri Supreme Court. Appellant attached portions of her unfinished brief to said motion, raising many of the same issues she is attempting to raise in the current appeal. We denied her motion for rehearing and issued our mandate on August 24, 2006, after the Supreme Court of Missouri denied Appellant's application for transfer.

In this appeal, Appellant contends in her first and second points that the Probate Division violated her due process rights when it issued its September 27th letters of guardianship and conservatorship because Appellant was not given sufficient notice of the proceedings. Points three and four assert the same claim in regard to the Probate Division's earlier issuance of temporary letters of guardianship and conservatorship. Points five and six argue the Probate Division violated her due process rights because she did not waive her right to attend the September 27th hearing and did not waive her right to a jury trial.

### Analysis

▮▮▮ "A threshold question in any appellate review of a controversy is the mootness of the controversy." *Armstrong v. Elmore*, 990 S.W.2d 62, 64 (Mo.App.1999). "Because mootness implicates the justiciability of a case, an appellate court may dismiss a case for mootness *sua sponte*." *Id.*

. . . .

In terms of justiciability, " '[a] cause of action is moot when the question presented for decision seeks a judgment upon some matter which, if the judgment was rendered, would not have any practical effect upon any then existing controversy.' " *Shelton v. Farr*, 996 S.W.2d 541, 543 (Mo.App.1999) (quoting *Bank of Washington v. McAuliffe*, 676 S.W.2d 483, 487 (Mo. banc 1984)). " 'The existence of an actual and vital controversy susceptible of some relief is essential to appellate jurisdiction.' " *Armstrong*, 990 S.W.2d at 64 (quoting *State ex rel. Wilson v. Murray*, 955 S.W.2d 811, 812–13 (Mo.App.1997) (citation omitted)). "When an event occurs that makes a court's decision unnecessary or makes granting effectual relief by the court impossible, the case is moot and generally should be dismissed." *Id.*; *In re C.A.D.*, 995 S.W.2d 21, 28 (Mo.App.1999).

*State ex rel. Reed v. Reardon*, 41 S.W.3d 470, 473 (Mo. banc 2001).

▮▮▮ Although we doubt Appellant would prevail if we were able to address her claims on the merits,[2] our overriding

---

**1.** We take judicial notice of that record on appeal.

**2.** Two of her points challenge orders that were purely interlocutory in nature and the other four assert constitutional claims that were not raised at the earliest possible opportunity. *See* (respectively) *Estate of Pfaff*, 746 S.W.2d 636, 637 (Mo.App. E.D.1988) (temporary letters are superseded by the later issuance of full letters); *State v. Fassero*, 256 S.W.3d 109, 117 (Mo. banc 2008) ("If not

concern is that her appeal attempts to challenge a guardianship/conservatorship that no longer exists. Appellant's request for relief in this appeal is that we set aside the guardianship and conservatorship petition, set aside the appointment of the public administrator as Appellant's guardian/conservator, and return the matter to the Probate Division for further proceedings.

Because the Probate Division's May 20, 2009 restoration judgment terminated the letters of guardianship and conservatorship Appellant now seeks to have "set aside," it constituted "an event [ ] that makes [this] court's decision unnecessary or makes granting effectual relief . . . impossible[.]" *Armstrong v. Elmore,* 990 S.W.2d 62, 64 (Mo.App. W.D.1999).[3] Appeal dismissed.

BARNEY, P.J., and LYNCH, J., concur.

raised at the first opportunity in the circuit court, a constitutional claim is waived and cannot be raised [on appeal]").

3. We also note that when Respondent St. John's Regional Medical Center raised this issue in its brief, Appellant filed no reply brief challenging St. John's assertion that Appellant's appeal should be dismissed as moot.