In the Matter of: Sandra Lee KILE.

Sandra Lee Kile, Appellant,

v.

Judy K. McGuire, Public Administrator of Dade County, Missouri, Respondent.

No. SD 30168.

Missouri Court of Appeals, Southern District, Division Two.

Nov. 18, 2010.

R. Lynn Myers, Springfield, for Appellant.

Michael D. Mayes, Springfield, for Respondent.

WILLIAM W. FRANCIS, JR., Judge.

Sandra Lee Kile ("Appellant") seeks review in this Court of an order denying her motions to void an emergency appointment of a temporary guardian and temporary conservator and to void appointment of the guardian and conservator. This Court dismisses the appeal as moot and lacking in case or controversary.

### Factual and Procedural History

On March 1, 2006, the Public Administrator of Dade County, Missouri, Judy K. McGuire ("Respondent"), filed a "Petition for Appointment of a Guardian of the Per-

son and Conservator of the Estate" of Sandra Lee Kile in the "Circuit Court Probate Division Dade County, Missouri" ("Probate Division"). On that same date, an "Application for Appointment of Temporary Guardian and Temporary Conservator" was filed. Thereafter, the Probate Division signed an order appointing Respondent as the temporary guardian and temporary conservator of Appellant. An attorney was appointed for Appellant at the same time. Notice of the action was served upon Appellant on March 3, 2006.

On March 27, 2006, a hearing on the appointment of guardian and conservator was held. Appellant was in attendance. Her attorney announced on the record that Appellant was waiving a jury trial. At the conclusion of testimony, Appellant, through her attorney, declined the opportunity to testify and voiced an understanding that she was in need of a guardian and conservator to help her take care of her personal, medical and financial needs. The Probate Division then entered its order appointing Respondent as guardian and conservator. No issues regarding appointment of the guardian/conservator were raised prior to the final settlement.

On October 8, 2008, a petition for restoration was filed by an independent attorney for Appellant. After an independent psychiatric evaluation, a hearing on the petition for restoration was held on February 2, 2009. The Probate Division granted the petition for restoration with regard to the guardianship but left the conservatorship in place until certificates of deposit matured. The terms of the judgment and order terminating the guardianship/conservatorship granted complete restoration to Appellant effective upon the return of the certificates of deposit to her. Respondent was ordered to provide an annual settlement after the certificates of deposit matured.

On June 15, 2009, a petition to approve final settlement and a final settlement were filed. The Probate Division approved the final settlement after Appellant's attorney verified there was no objection. No issues were raised at that time concerning any appointment of the guardian or conservator. The final settlement was approved on October 8, 2009.

On October 14, 2009, more than three years after the order appointing Respondent as temporary guardian and temporary conservator, Appellant filed a motion to void that appointment and the appointment of the guardian/conservator made on March 27, 2006. Following a hearing on October 26, 2009, the motion was denied. This appeal was subsequently filed.

■ Appellant contends the Probate Division erred in denying her motion because: (1) the court did not have personal jurisdiction when the temporary appointments were made in that she was not served with the petition or notice of action prior to the appointment of the temporary guardian/conservator; (2) a separate notice and hearing concerning the appointment of a temporary guardian or conservator is required and there was none; and (3) there was not an adequate waiver of the right to a jury trial. Respondent seeks to dismiss the appeal as moot and untimely.[1] The motion is well taken and this appeal is dismissed.

### Analysis

■ "A threshold question in any appellate review of a controversy is the mootness of the controversy." *Armstrong v. Elmore*, 990 S.W.2d 62, 64

---

1. Appellant did not file any response to Respondent's motion to dismiss, nor did she file any reply brief addressing mootness or timeliness of the appeal.

(Mo.App.1999). "Because mootness implicates the justiciability of a case, an appellate court may dismiss a case for mootness *sua sponte.*" *Id.*

. . . .

In terms of justiciability, " '[a] cause of action is moot when the question presented for decision seeks a judgment upon some matter which, if the judgment was rendered, would not have any practical effect upon any then existing controversy.' " *Shelton v. Farr,* 996 S.W.2d 541, 543 (Mo.App.1999) (quoting *Bank of Washington v. McAuliffe,* 676 S.W.2d 483, 487 (Mo. banc 1984)). "The existence of an actual and vital controversy susceptible of some relief is essential to appellate jurisdiction.' " *Armstrong,* 990 S.W.2d at 64 (quoting *State ex rel. Wilson v. Murray,* 955 S.W.2d 811, 812–13 (Mo.App.1997) (citation omitted)). "When an event occurs that makes a court's decision unnecessary or makes granting effectual relief by the court impossible, the case is moot and generally should be dismissed." *Id.*; *In re C.A.D.,* 995 S.W.2d 21, 28 (Mo.App. 1999).

*State ex rel. Reed v. Reardon,* 41 S.W.3d 470, 473 (Mo. banc 2001).

It is doubtful Appellant would prevail on her appeal if we chose to address her claims on the merits.[2] Appellant's appeal is an attempt to challenge a guardianship/conservatorship that no longer exists. The relief requested is to set aside the letters of guardianship and conservatorship and return this matter to the Probate Division for further proceedings, although a final settlement has been filed and approved without any challenge.

This Court, when faced with similar facts, dismissed the appeal in *Murray v. Hunter,* 321 S.W.3d 447 (Mo.App. S.D. 2010). In *Murray,* Appellant sought to challenge orders of the probate division of the circuit court as to a guardianship/conservatorship which was no longer in existence.

Here, the Probate Division's restoration judgment terminated the letters of guardianship and conservatorship. That action constituted "an event [ ] that makes [this] court's decision unnecessary or makes granting effectual relief ... impossible[.]" *Armstrong v. Elmore,* 990 S.W.2d 62, 64 (Mo.App. W.D.1999). Appeal dismissed.

SCOTT, C.J., and BATES, J., Concur.

---

2. Two of Appellant's points challenge orders that were interlocutory in nature and are now moot because the temporary orders entered pursuant to section 475.075(11) RSMo (2000) terminated with the appointment of the guardian and conservator on March 27, 2006. The third point challenges the adequacy of Appellant's waiver of jury trial. The legal file contains a docket sheet reciting the waiver, the transcript reflects waiver in open court, and Appellant's acquiescence in the entire procedure. We are satisfied as to compliance with section 510.190 RSMo (2000) addressing waiver of jury trial.