In the Matter of A.C. SMITH

Ken Davis, Personal Representative
of the Estate of A.C. Smith,
Appellant,

v.

Ken Davis, Public Administrator, Janet
Huff, Gary Smith, Ellen Lopez and
Regina Noe, Respondents.

No. SD 30524.

Missouri Court of Appeals,
Southern District,
Division Two.

Aug. 15, 2011.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Sept. 6, 2011.

Application for Transfer Denied
Oct. 25, 2011.

R. Lynn Myers, Springfield, MO, for Appellant.

Michael J. Patton, George W. (Jake) Reinbold, IV, Turner, Reid, Duncan, Loomer & Patton, P.C., Springfield, MO, for Respondent Ken Davis.

David A. Healy, Healy & Healy, Springfield, for Respondents Huff, Smith, and Lopez.

Before FRANCIS, P.J., BATES and SCOTT, JJ.

PER CURIAM.

Lillie Lang appeals the denial of motions she filed "on behalf of" her brother, A.C. Smith, in his guardianship/conservatorship case. Smith died during this appeal, which now is moot.

## Background

Smith's daughter petitioned to appoint a guardian and conservator for her father, and for emergency appointment of a temporary guardian and conservator. She alleged that Smith could not care for himself or manage his financial resources due to diminished mental capacity. The probate division appointed counsel to represent Smith and set a hearing for January 15, 2009.

Smith did not attend the hearing. His attorney told the court that he had spoken with Smith and his family. Due to Smith's health condition, his attorney believed it was in Smith's best interest not to attend the hearing. After hearing testimony, the court temporarily appointed the public administrator, for 60 days, to serve as Smith's guardian and conservator *pendente lite*.

Smith had not been formally served prior to the January 15 hearing. Later, Smith was timely served and given notice of a March 2009 hearing. He did not attend that hearing either, but his attorney and Smith's children did. Upon mutual consent, the court extended its temporary appointments for 60 more days and set a further hearing for April 9.

Smith and his attorney attended the April 9 hearing. The court questioned Smith on the record, found him to be incapacitated and disabled, and appointed the public administrator as guardian and conservator per stipulation of the parties.

More than six months later, Lang moved "on behalf of" Smith to dismiss the case and to set aside the temporary orders, judgment, and letters of guardianship and conservatorship. The court denied the motions. Lang filed a notice of appeal "on behalf of" Smith.

After Smith passed away, we issued an order to show cause why this appeal is not moot. Lang responded, but not persuasively.

## Analysis

Mootness of the controversy is a threshold question in any appellate review. *State ex rel. Reed v. Reardon,* 41 S.W.3d 470, 473 (Mo. banc 2001). Appellate courts may dismiss for mootness *sua sponte. Id.* An appeal is moot when a decision on the merits would have no practical effect on any existing controversy. *In re Kile,* 326 S.W.3d 538, 540 (Mo.App.2010); *Murray v. Hunter,* 321 S.W.3d 447, 449 (Mo.App. 2010).

A guardian or conservator's authority ends, subject to limited exceptions not asserted here, when the ward or protectee dies. § 475.083. Lang does not dispute

this, but claims her complaints are "jurisdictional" and, thus, not mooted by Smith's death. We disagree.

■ Indeed, Lang's challenges to the temporary orders would be moot even if Smith were alive. *See Estate of Pfaff v. Pfaff,* 746 S.W.2d 636, 637 (Mo.App.1988) (temporary letters are superseded by the later issuance of full letters). *See also Murray,* 321 S.W.3d at 449 n. 2. Temporary orders, which by their nature expire and are superseded by a subsequent judgment on the merits, generally are not subject to review, either by interlocutory appeal or couched in an appeal of the final judgment as Lang attempts here. *In re S.L.C.,* 330 S.W.3d 517, 518–19 (Mo.App. 2010). The temporary appointments in this case were for 60 days only and expired long ago.

■■ Lang's remaining points hinge on the now-discredited view that statutory compliance is a "jurisdictional" issue. *J.C.W. ex rel. Webb v. Wyciskalla,* 275 S.W.3d 249 (Mo. banc 2009) laid this notion to rest. Lang's brief acknowledges *J.C.W.,* describes § 475.075 procedures as "statutory preconditions," and argues that the trial court exceeded "its 'statutory authority to grant relief.'" Such claims are not jurisdictional. "Elevating statutory restrictions to matters of 'jurisdictional competence' erodes the constitutional boundary established by article V of the Missouri Constitution, as well as the separation of powers doctrine, and robs the concept of subject matter jurisdiction of the clarity that the constitution provides." *Id.* at 254. *See also State ex rel. State v. Parkinson,* 280 S.W.3d 70, 75–76 (Mo.

banc 2009). Pre–*J.C.W.* cases indicating otherwise are no longer persuasive.[1]

## Conclusion

The public administrator's authority under the letters challenged by Lang ended when Smith died. The temporary orders expired even earlier. A decision on the merits will have no practical effect on an existing controversy. Being moot, this appeal is hereby dismissed.[2]

---

1. Moreover, *none* of Lang's constitutional points were raised at the earliest possible opportunity. *See State v. Fassero,* 256 S.W.3d 109, 117 (Mo. banc 2008) (unless asserted "at the first opportunity in the circuit court," constitutional claims are waived and cannot be raised on appeal); *Murray,* 321 S.W.3d at 449 n. 2.

2. We need not, therefore, reach the public administrator's motion to dismiss for lack of standing.