

# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

TABITHA HOLT,　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　　　　Respondent,　　　)
　　　　　　　　　　　　　　　　　　)　　WD86465
v.　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)　　OPINION FILED:
　　　　　　　　　　　　　　　　　　)　　April 23, 2024
ZX INTERNATIONAL, INC.,　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　　　　Appellant.　　　)

### Appeal from the Circuit Court of Jackson County, Missouri
### The Honorable John M. Torrence, Judge

**Before Division Three:** Mark D. Pfeiffer, Presiding Judge, and
Lisa White Hardwick and W. Douglas Thomson, Judges

ZX International, Inc. ("ZX International"), appeals from the judgment entered by

the Circuit Court of Jackson County, Missouri ("trial court"), denying its Rule 74.06(b)

motion for relief from judgment. We dismiss the appeal.

## Background

On January 31, 2016, a car driving at highway speeds on Interstate 44 in Franklin

County, Missouri, crashed into the rear of a slow-moving tractor-trailer truck that had just

entered onto the highway from a rest stop. A passenger in the car died as a result of

injuries sustained from the collision. The deceased passenger's parents are Tabitha Holt

("Mother") and Clyde Sutherland ("Father"). ZX International, a trucking company headquartered and incorporated in California, was the interstate carrier who had originally contracted to transport the load in the tractor-trailer that was involved in the wreck.

Pursuant to section 537.080,[1] Mother and Father constituted the statutory class of persons entitled to pursue a wrongful death claim against any entity liable under a tort liability cause of action for causing the death of their son.

On November 25, 2020, Mother filed the subject wrongful death lawsuit against ZX International in Jackson County, Missouri, without expressly naming Father as a party to the lawsuit. That said, Father knew of the lawsuit and participated as a witness in the damages stage of the lawsuit. This is statutorily permissible and not uncommon in a wrongful death lawsuit. Pursuant to section 537.095.1 of Missouri's wrongful death statutory scheme: "[I]f two or more persons are entitled to sue for and recover damages . . . then any one or more of them . . . may maintain such suit and recover such damages without joinder. . . . Any settlement or recovery by suit shall be for the use and benefit of those who sue or join, or who are entitled to sue or join . . . ."

After ZX International was served[2] and failed to timely file an answer to the wrongful death petition filed by Mother, the trial court entered an interlocutory order of default against ZX International. The trial court then set a hearing for damages. Father

---

[1] All statutory references are to the Revised Statutes of Missouri 2016, as supplemented.
[2] ZX International maintains that it was not properly served.

testified at the damages hearing about the impact his son's death had on the family. On February 11, 2021, the trial court entered default judgment against ZX International.

In the default judgment, the trial court did not follow the statutory dictates of section 537.095.3, which provides that "the trier of the facts shall state the total damages found," and "[t]he court shall then enter a judgment as to such damages, apportioning them among those persons entitled thereto in proportion to the losses suffered." Likewise, the language of the default judgment did not follow the statutory dictates of section 537.095.4, in that it did not order the wrongful death class representative (i.e., Mother) to collect and distribute the judgment in accordance with the trial court's allocation percentages. Instead, the language of the default judgment expressly identified *both* Mother and Father as *parties to the judgment* and awarded each of them an identical sum of $3.6 million. At minimum, the form of the default judgment was irregular.

However, the present appeal by ZX International is *not* an appeal of the default judgment. Rather, as we explain in today's ruling, the present appeal relates to the trial court's refusal to set aside the default judgment when ZX International moved for relief from the default judgment. This distinction matters to our analysis. For, any challenge to the form or legal substance of the default judgment must necessarily have been made in a direct appeal of the default judgment,[3] not an appeal from a trial court's ruling on a

---

[3] At oral argument, ZX International took the position that Father waived any rights to notice of the present appeal because Father never intervened in the underlying litigation; however, ZX International ignores that it *first* waived any right to challenge any irregularity in the default judgment (i.e., in which the trial court's default judgment names Father as a party to the default judgment and grants him an express monetary award in the default judgment). As we explain in our ruling today, once the trial court

3

motion seeking relief under Rule 74.06(b).[4] *Gibson v. White*, 904 S.W.2d 22, 25 (Mo. App. W.D. 1995) ("A mistake of law does not constitute grounds to set aside a judgment under Rule 74.06(b)."); *Noakes v. Noakes*, 168 S.W.3d 589, 598 (Mo. App W.D. 2005) ("If the court made a mistake, it was a mistake of law, and any mistake of law should have been addressed on direct appeal.").

When a final judgment is not challenged on appeal—as is the case here with the underlying default judgment—it is enforceable so long as the issuing court validly had jurisdiction, even if it contains legal error. *Moore v. Moore*, 484 S.W.3d 386, 391 (Mo. App. W.D. 2016) (holding that an unchallenged final judgment is enforceable, even if legally erroneous, so long as the court did not err in concluding it could validly exercise personal and subject matter jurisdiction); *Noakes*, 168 S.W.3d at 598 ("Nothing is better settled than the principle that an erroneous judgment has the same *res judicata* effect as a correct one."); *State ex rel. McGrew Coal Co. v. Ragland*, 97 S.W.2d 113, 116 (Mo. banc 1936) ("It has been said that when a court has jurisdiction, it has jurisdiction to commit error, that if a judgment be merely irregular, the courts of the country pronouncing the judgment are the exclusive judges of that irregularity, and their decision binds the world."); *Baxi v. United Techs. Auto. Corp.*, 122 S.W.3d 92, 96 (Mo. App. E.D. 2003) (citations omitted) ("A judgment is 'void' under Rule 74.06 only if the court that rendered it lacked jurisdiction of the parties or the subject matter or acted in a manner

---

expressly named Father as a party to the default judgment, Father's judgment became a property right—a property right that cannot be taken away without due process.

[4] All rule references are to I MISSOURI COURT RULES-STATE 2023.

inconsistent with due process of law. A judgment is not void simply because it is erroneous . . . .").

Thus, even though the default judgment may have erroneously referenced both Mother and Father as parties to the judgment and corresponding judgment creditors in the amount of $3.6 million apiece, the default judgment had become final and was enforceable as written.

In May 2022, well over a year after the default judgment had become a final judgment, Mother asserted garnishment collection efforts against ZX International. In so doing, Mother attached as an exhibit to her garnishment proceeding a copy of the default judgment. In response, ZX International filed a motion for relief from judgment, asserting numerous grounds under Rule 74.06(b) for setting aside the default judgment. Though the default judgment plainly identified Father as a party in whose favor a discrete monetary judgment had been entered, ZX International did not provide Father with notice of its motion for relief from the judgment pursuant to Rule 74.06(b). On July 25, 2023, the trial court denied ZX International's motion for relief from judgment. ZX International timely appeals.[5] ZX International asserts three points of error on appeal, but of note, only notified Mother of its appeal.

---

[5] ZX International's Rule 74.06(b) motion seeking to set aside the default judgment is a separate, independent action. *Yanuzzi v. Dir. of Revenue*, 14 S.W.3d 618, 620 (Mo. App. E.D. 1999) ("Director attacked the June 19th final judgment in an independent action pursuant to Rule 74.06(b)(4) and the court entered a separate judgment denying Director's motion. That judgment denying Director's Rule 74.06(b) motion was a separate, appealable judgment.").

## The Appeal as to Mother is Moot Due to Settlement

Both ZX International and Mother have confirmed to this Court that *Mother* has settled all of her claims against ZX International arising out of the wrongful death lawsuit and corresponding default judgment.[6] Indeed, ZX International takes the position that its appeal is as to Mother, the only party it believes is appropriately before the Court as a party respondent to the underlying litigation.

"A threshold question in any appellate review of a controversy is the mootness of the controversy. Because mootness implicates the justiciability of a case, an appellate court may dismiss a case for mootness *sua sponte*." *Armstrong v. Elmore*, 990 S.W.2d 62, 64 (Mo. App. W.D. 1999) (citing *State ex rel. Chastain v. City of Kansas City*, 968 S.W.2d 232, 237 (Mo. App. W.D. 1998)).

"In terms of justiciability, a case is moot if a judgment rendered has no practical effect upon an existent controversy." *Id.* "The existence of an actual and vital controversy susceptible of some relief is essential to appellate jurisdiction." *State ex rel. Wilson v. Murray*, 955 S.W.2d 811, 812-13 (Mo. App. W.D. 1997) (quoting *Citizens for Safe Waste Mgmt. v. St. Louis Cnty. Air Pollution Control Appeal Bd.*, 896 S.W.2d 643,

---

[6] Apparently, as part of the settlement, Mother has "confessed" on appeal that the trial court lacked personal jurisdiction over ZX International—the exact opposite position taken by Mother in her suggestions in opposition to ZX International's Rule 74.06(b) motion filed below. Irrespective, "[c]ourts are not bound by stipulations or concessions as to questions of law," *Parr v. Breeden*, 489 S.W.3d 774, 780 (Mo. banc 2016) (citing *La-Z-Boy Chair Co. v. Dir. of Econ. Dev.*, 983 S.W.2d 523, 525 (Mo. banc 1999)), and whether a set of facts allows for a trial court to validly exercise personal jurisdiction over a defendant is clearly a question of law, *Bryant v. Smith Interior Design Grp., Inc.*, 310 S.W.3d 227, 231 (Mo. banc 2010).

644 (Mo. App. W.D. 1995)).  An appeal can become moot, even if the case was live below, when an intervening event "so alters the position of the parties that any judgment rendered becomes merely a hypothetical opinion.  '[A]ppellate courts of this state do not sit as moot courts to determine speculative issues for the benefit of some other case in judgment at some other time.'"  *Gilroy-Sims & Assocs. v. City of St. Louis*, 697 S.W.2d 567, 569 (Mo. App. E.D. 1985) (alteration in original) (citations omitted).

Since ZX International has fully settled with Mother, as both ZX International and Mother have represented to this Court, ZX International possesses the right to compel the filing of a Satisfaction of Judgment—with respect to Mother—by filing a motion to enforce the settlement with the trial court.  *See Precision Invs., L.L.C. v. Cornerstone Propane, L.P.*, 220 S.W.3d 301, 303 (Mo. banc 2007) (citations omitted) ("Agreements to settle pending lawsuits are enforceable by motion.  A motion to compel settlement adds to a pending action a collateral action for specific performance of the settlement agreement.").

Thus, no actual controversy remains between Mother and ZX International with respect to whether the default judgment should be set aside.  Any opinion that we would offer on the issue of the trial court's ruling denying ZX International's motion for relief from the default judgment as to Mother's judgment creditor rights would merely be an advisory opinion.  "Appellate courts do not render advisory opinions nor decide non-existent issues."  *Armstrong*, 990 S.W.2d at 64 (citing *State ex rel. Mo. Cable Tele. Ass'n v. Mo. Pub. Serv. Comm'n*, 917 S.W.2d 650, 652 (Mo. App. W.D. 1996)).  Therefore, we must dismiss ZX International's appeal against Mother because their

settlement while the appeal was pending has eliminated any controversy between them and rendered this appeal moot.

**The Appeal as to Father's Judgment Creditor Rights Must Also Be Dismissed**

ZX International's argument as to mootness is that its settlement with Mother has not resolved whether the default judgment should have been set aside in its entirety (i.e., including the judgment rights created as to Father). The irony of this argument is self-evident, as it acknowledges that the default judgment afforded Father independent rights as a "party" to whom a discrete monetary judgment was awarded. To the extent ZX International is attempting to set aside a judgment right of one remaining party to the default judgment whose $3.6 million award pursuant to the terms of the default judgment remains outstanding—Father—absent notice to Father of the pendency of these proceedings, this appeal cannot proceed.[7]

---

[7] Father was alive and known to ZX International when it filed its motion seeking to set aside the default judgment below, and it chose not to notify Father of the filing of its motion—even though the express purpose of that motion was to attempt to erase Father's judgment creditor rights as a party to the default judgment. Similarly, here, ZX International has failed to provide Father notice of its appeal of the trial court's ruling and, again, seeks to take a property right away from Father—his judgment creditor rights to a $3.6 million judgment awarded in Father's favor in the default judgment—without notifying Father of the present appeal. For reasons we explain in today's ruling, Father was a party with a right to receive notice of the trial court proceedings on ZX International's motion to set aside the default judgment, and is thus a party with a right to receive notice of this appeal and ZX International's failure to notify Father of both the Rule 74.06 proceedings and of this appeal precludes us from making a determination that would impair Father's judgment creditor rights.

The parties have suggested that subsequent to the trial court's ruling denying the Rule 74.06(b) motion, Father has passed away. However, it is clear that, whether Missouri probate law or the probate law of Father's state of residence upon death applies, either Father's estate—if one exists—or any intestate heirs have acquired Father's judgment rights pertaining to the default judgment awarded to Father. What is readily

8

ZX International urges this Court to ignore the language of the default judgment because it is statutorily irregular in form and otherwise legally erroneous. ZX International, while conceding that Father is clearly listed as a party to the judgment and is expressly awarded $3.6 million in the default judgment, takes the position that we should ignore that portion of the judgment because Father never formally intervened in the wrongful death litigation. Accordingly, ZX International posits that because Father never should have been listed as a party or judgment creditor in the default judgment in the first place, he is not entitled to any notice of proceedings designed to take away that judgment right existent in the default judgment.

But, to do so, we would have to permit ZX International to challenge what it considers to be an erroneous default judgment in an independent Rule 74.06 motion proceeding. As previously discussed, Missouri precedent simply does not permit such a belated attack of a final judgment in a Rule 74.06 motion proceeding.[8]

Thus, whether erroneous or not, the default judgment accorded Father independently enforceable rights as a party to the judgment.[9]

---

apparent is that ZX International has failed to make any effort whatsoever to notify Father or Father's successors in interest *at any time* that ZX International was attempting to take from Father a $3.6 million property right arising out of the default judgment.

[8] Further, Rule 74.06 itself places a one-year time limitation on ZX International to challenge the default judgment as "irregular" under Rule 74.06(b)(3). *See* Rule 74.06(c).

[9] *See also Kavanaugh v. Mid-Century Ins. Co.*, 937 S.W.2d 243, 244-45 (Mo. App. W.D. 1996) (citations omitted) ("[Father] was within the class of persons entitled to sue for wrongful death, and his being joined in the lawsuit was not necessary to protect his right to participate in the settlement. Because he was entitled to sue or to join in the wrongful death action, he was entitled to appeal."); *Cameron v. Morrison*, 901 S.W.2d 171, 174 (Mo. App. W.D. 1995) (citing § 537.095.1) ("The respondents wrongly contend

9

And, "[i]t is a cardinal principle, that whenever a party's rights are to be affected by a summary proceeding, or motion in court, *that party should be notified*, in order that he may appear for his own protection." *Hoppe v. St. Louis Pub. Serv. Co.*, 235 S.W.2d 347, 350 (Mo. banc 1950) (emphasis added). "In our system of jurisprudence reasonable notice to a litigant (when there exists even the possibility of action adverse to his interests) is deemed to be of the essence of fairness and justice—a prerequisite to the lawful exercise of the court's power—basic in simple fundamental justice." *Sitelines, L.L.C. v. Pentstar Corp.*, 213 S.W.3d 703, 707 (Mo. App. E.D. 2007) (internal quotation marks omitted) (quoting *Baker v. Baker*, 274 S.W.2d 332, 336 (Mo. App. 1954)). "No person may be deprived of property without due process of law." *Foreclosures of Liens for Delinquent Land Taxes v. Bhatti*, 334 S.W.3d 444, 448 (Mo. banc 2011) (citing Mo. Const. art. 1, sec. 10).

It appears that what ZX International would like for this Court to do is to reverse the trial court's ruling as to its motion seeking to set aside the default judgment and order that the default judgment be set aside—thereby eliminating the remaining judgment creditor—Father—from having any opportunity to attempt to collect any judgment owed

that the appellants' right to appeal now was lost by their decision not to appeal the denial of their motion to intervene. The appellants did not need to intervene to protect their rights to participate in the settlement. . . . The appellants fall within the [wrongful death] statute's purview without regard for their not intervening in the suit."); *Parr v. Parr*, 16 S.W.3d 332, 333, 336-37 (Mo. banc 2000) (permitting a decedent's parents to appeal a wrongful death verdict and referring to them as "parties" even though they "did not intervene in the wrongful death lawsuit").

to him pursuant to the terms of the default judgment. And, ZX International seeks to do so without giving any notice to Father of the pendency of this appeal.

We conclude that because Father was a party to the default judgment entitled to notice of this appeal and no efforts were made to provide him or his successors in interest with that notice, proceeding with this appeal would violate Father's due process rights. We must dismiss this appeal to the extent that it relates to Father's rights relating to the default judgment and the trial court's refusal to set aside the default judgment.

## Conclusion

For the foregoing reasons, this appeal is dismissed.

_____
Mark D. Pfeiffer, Presiding Judge

Lisa White Hardwick and W. Douglas Thomson, Judges, concur.